STATE OF MAINE
KENNEBEC, ss

SUPERIOR COURT
CR-11-20
*MMM -KEN -11/21/2015*


**JOHN OKIE,**

**Petitioner**

v.

**ORDER ON PETITION FOR POST-CONVICTION REVIEW**

**STATE OF MAINE,**

**Respondent**


## Introduction

Before the Court is John Okie's Petition for Post-Conviction Review filed

January 4, 2011. Mr. Okie was found guilty on December 19, 2008 of two counts of

Intentional or Knowing Murder after trial by jury in the Kennebec County Superior

Court.[1] He was sentenced on January 30, 2009 to two consecutive 30-year prison terms.

His direct appeal of the Judgment of Conviction as well as the sentence imposed by

Justice Joseph Jabar was affirmed by the Maine Supreme Court on February 2, 2010. Mr.

Okie was represented throughout the criminal trial and appellate processes by Attorney

Peter DeTroy. The State of Maine was represented at trial by Assistant Attorneys General

Andrew Benson and Lisa Marchese. Mr. Okie is represented in this proceeding by

---

[1] Mr. Okie was originally indicted by both the Kennebec County Grand Jury as well as the Lincoln County Grand Jury, but on November 14, 2008 the Lincoln County case was consolidated with the Kennebec County case, and transferred on December 3, 2008 to Kennebec County for trial proceedings.

1

Attorney George Hess, and the State is represented by Assistant Attorney General Donald Macomber. This matter was heard on July 23, 2013 and the parties filed post-hearing memoranda, the last of which was received on October 31, 2013.

While Mr. Okie originally alleged 14 separate grounds for post-conviction relief in his pro se Petition filed January 4, 2011, that Petition was amended by Attorney Hess on January 11, 2013 to add a fifteenth ground, and again on March 10, 2013 to add a sixteenth ground. After hearing on the amended Petitions, Attorney Hess argued and briefed only four grounds for relief, those enumerated as grounds 2,6,9 and 16. The Court therefore deems all other grounds asserted as having been waived by the Petitioner. *State v. Haskell,* 2001 ME 154, 784 A.2d 4 fn. 3; *State v. Barlow,* 320 A.2d 895 (Me. 1974). The Court will address the remaining four grounds separately.

### I. *Trial Counsel's failure to object to Opening Statements of Prosecutor*

In his opening statement, Assistant Attorney General Andrew Benson described for the jury the killings of Petitioner's friend, Aleigh Mills and the Petitioner's father, John Okie. The prosecutor's comments, which could fairly be characterized as dramatic and graphic, drew no objection from Trial Counsel (hereinafter "TC"), and on appeal TC did not raise an argument about their propriety. While the trial Justice did not intervene on his own about the opening statement, he did give the standard "Alexander" instruction that the opening statements of the attorneys were not evidence. (Trial Transcript, hereinafter "TT" Vol. 1, pgs-14-15).

The parties agree that in order to make out a claim for ineffective assistance of counsel, a convicted person must prove that trial counsel's performance fell below what

2

might be expected from an "ordinary, fallible" attorney; and that this failing likely deprived the convicted person of an otherwise available, substantial ground of relief. *Brewer v. State,* 1997 ME 177; *Strickland v. Washington,* 466 U.S. 668 (1984).

The Court has reviewed the trial transcript referred to above, and has considered the attorneys' arguments in regard to TC's failure to object both during and after trial to these statements. The Court would note at the outset that different trial Justices might reasonably disagree about when an opening statement becomes argumentative or even unethical, but the Court declines to make a finding as to whether that occurred in this instance. Certainly, the presiding Justice, who had the opportunity to not only hear the words spoken by the prosecutor, but also observe the tone and the perceived affect on the jury, did not on his own raise concerns about this. It is also not lost on the Court that any rendition of the uncontested facts of what occurred in this case would have had a profound impact on any juror. However, even if Petitioner were to prove the statements made crossed a line, the Court concludes that the Petitioner has failed to prove that he was deprived of an available, substantial ground of relief. Had TC objected, it is clear to the Court that the remedy would have been an instruction emphasizing to the jury that the statements were not evidence, which was the instruction that the trial Justice provided. The Court therefore denies relief to the Petitioner based upon the prosecutor's opening statement.

*II. Trial Counsel's failure to object to Trial Justice's instruction in allocating the burden of proof on the defense of intoxication*

3

At trial TC failed to note or object to an instruction from the Trial Justice which the parties agree was erroneous. The Trial Justice stated in his oral instructions, "Again, the ultimate question is not whether the defendant was intoxicated, but whether the defendant has proven the required state of mind beyond a reasonable doubt." (Trial Transcript, pg. 1564). TC conceded at hearing on this Petition that he missed this error, and also conceded that he did not catch it when he appealed the Defendant's conviction.

However, as the State points out, the Trial Justice provided written jury instructions that properly allocated the burden of proof on this issue to the State, and the instructions went into the jury room for their use during deliberations. In addition, in pre-trial jury instructions, the Trial Justice properly allocated the burden on this issue (Trial Transcript, Vol. 1 pg. 26). The State points to a number of other places in the trial record where the Trial Justice correctly referred to the State's burden to prove the elements regarding the Defendant's state of mind, except on the issue of criminal responsibility. Finally, as the State points out neither the State nor defense counsel addressed the issue of intoxication in their lengthy closing statements. While this failure to argue the issue might not constitute a waiver by the Defendant on this issue, it is clear to the Court that by the conclusion of the case the evidence submitted by both parties (and reviewed by this Court) focused almost entirely on the issue of the Petitioner's criminal responsibility or lack of it.

The Court therefore concludes that the Petitioner has failed to prove that TC's error in not noticing or objecting to this one-time error by the Trial Justice did not deprive him of a substantial ground of defense.

4

*III. Failure to seek suppression of Petitioner's statements to law enforcement*

Although the Petitioner was interviewed on two occasions by law enforcement, he was not provided *Miranda* warnings, and TC did not challenge the admissibility of these statements. Petitioner claims that TC's failure to do so constituted ineffective assistance of counsel.

In order to prove a claim of this nature the Petitioner would have to do more than establish that a "motion hearing Judge could have concluded that John was in custody," thus triggering law enforcement's obligation to provide him with *Miranda* warnings for both interviews. (Pg. 9, Memorandum in Support of Petition.) The Petitioner must prove by a preponderance of evidence that this decision fell below the standard of what an "ordinary, fallible" attorney would have done, and also that the decision resulted in a deprivation of an available, substantial ground of defense.

TC testified that he made a strategic decision not to seek suppression as he felt it was inconsistent with the defense of insanity.[2] Moreover, he testified that he did not as a practice file pre-trial motions unless he felt he had a good faith basis to do so, and which he thought was lacking in this instance. The Court recognizes that there may be disagreement within the defense community about whether or not a defense practitioner *must* file suppression motions in a capital case. However, the Court concludes after considering the 10 *Michaud* factors and the circumstances of these interrogations, that

---

[2] Although neither party specifically addressed the issue, the Court notes that a Defendant must be interviewed by State actors through the State Forensic Service to give his version of events when the Defendant asserts the defense of not criminally responsible, and Petitioner was in fact interviewed by forensic experts multiple times about the events in question over the course of these proceedings, and he eventually admitted these killings when interviewed. The Defendant had denied any involvement in the killings to Detective Tupper. The Petitioner argues that it was not so much the statements of the Defendant to Detective Tupper interviews which damaged his client's case, but rather his demeanor during those interviews which enabled the prosecutor to argue in closing suggested that his behavior and emotional affect were inconsistent with someone who was psychotic and delusional.

5

Petitioner was not in custody during either interview such that *Miranda* warnings were required, and therefore the Petitioner was not deprived of a substantial ground of defense.

In *State v. Michaud,* 1998 ME 251, 724 A.2d 1222, the Law Court set out a non-exhaustive list of factors that a Court should consider in deciding if a defendant's liberty was constrained to a degree associated with formal arrest. Application of almost each of the 10 factors to the circumstances of the two interviews at issue here weighs against a finding of custody. In both interviews, the Defendant was interviewed by one law enforcement officer. No physical restraints of any kind were used. The tone of the questioning in both interviews was not particularly confrontational. There was no probable cause to arrest the Defendant, and Detective Tupper testified credibly that at the time of the first interview the primary suspect for Aleigh Mills' murder was not Mr. Okie, but her father. Both interviews were of a relatively short duration. The first interview took place in a public parking lot, the second just outside the Defendant's home. His parents were apparently aware that the police wanted to interview him before the first, and his mother was standing just outside the police car during the second. Mr. Okie's responses in both interviews, objectively viewed, were responsive to the questions, and his demeanor did not suggest that he felt particularly threatened or coerced by any of the questions of tactics of the officer.

The Court concludes that the Petitioner has therefore failed to prove that he would have prevailed on the motion had it been brought, and that the "defense" was not otherwise available to him. The Court therefore denies relief based on this ground.

6

*IV. Failure to call as witnesses Dr. Lawrence Fischman and Henry Soule regarding the episodic nature of Petitioner's psychosis.*

Petitioner argues that both Dr. Fischman and Henry Soule should have been called by TC to establish that the Petitioner had periods where he appeared "normal" and periods where he was clearly psychotic, as well as to establish that the Petitioner was adept as masking his psychosis. Both witnesses were interviewed by TC, along with many other witnesses, in preparation for trial. The Court found credible TC's testimony that the decision not to call these witnesses was strategic.

Dr. Fischman was the Petitioner's treating psychiatrist for over two years, but he had stopped treating him more than a year before the events in question. He had diagnosed the Petitioner with a delusional disorder and he had prescribed anti-psychotic medication. Dr. Fischman, if called, could have testified that stress can exacerbate psychosis, and also that if a patient with Petitioner's disorder stops taking his medication psychotic symptoms were likely to increase.

The Court has reviewed the trial testimony of all the experts that were called in this case. It is clear that Dr. Fischman's treatment history of the Petitioner was well known to the experts who testified on the issue of criminal responsibility, and it was TC that made this information available to the experts he called. Dr. Robinson, in particular, addressed directly with the issue of how psychiatric symptoms can come and go, and how they can be effectively masked by persons who share Petitioner's diagnosis. TC testified that he perceived a reluctance on the part of Dr. Fischman to testify when he interviewed him before trial. While that may now have changed, it is clear that TC made the decision not to call Dr. Fischman after a conducting an interview of the witness, and he made a strategic decision instead in favor of having Dr. Robinson and Dr. Voss address the same

7

issues. In addition, TC was able to elicit from all defense experts ample information which formed the basis of their opinions, and to flesh out the reasons they could give in support of their opinions. Deciding not to call Dr. Fischman, given his perceived reluctance to testify and the ability of the other experts to address these issues, certainly did not violate any professional standard or duty.

As for Henry Soule, his testimony at the hearing on the petition suggests that he is a long-standing friend of the Petitioner, that he knew Petitioner was prescribed medication, but Mr. Soule did not know why. He testified around early 2005 that he noticed that the Petitioner had changed, and that sometimes he would have angry outbursts, including one he witnessed in March of 2005 between the Petitioner and Aleigh Mills in Puerto Rico. The Court would agree with TC's analysis that his testimony would have offered the jury no information that would have provided a "substantial" defense, particularly given that he last had an opportunity to spend time with the Petitioner in late 2005, almost two years before Petitioner killed Aleigh Mills and John Okie.

The Court therefore denies relief to the Petitioner on this grounds as well.

**The entry will be: The Petition for Post-Conviction Relief is DENIED.**

_____ 11/21/13

**DATE**

_____

**SUPERIOR COURT JUSTICE**

8

JOHN OKIE
    vs
STATE OF MAINE

SUPERIOR COURT
KENNEBEC, ss.
Docket No  AUGSC-CR-2011-00020

## DOCKET RECORD

PL. DOB: 08/30/1986
PL. ATTY: GEORGE HESS
   GEORGE A HESS ESQ
   11 LISBON ST., LEWISTON
   PO BOX 423
   AUBURN ME 04212-0423
   APPOINTED 12/06/2011

State's Attorney: LISA MARCHESE

Filing Document: PETITION
Filing Date: 01/04/2011

Major Case Type: POST CONVICTION REVIEW

## Charge(s)

## Docket Events:

01/10/2011 FILING DOCUMENT -  PETITION FILED ON 01/04/2011

01/10/2011 MOTION -  MOTION FOR APPOINTMENT OF CNSL FILED BY DEFENDANT ON 12/23/2010

01/10/2011 Party(s):  STATE OF MAINE
   ATTORNEY -  RETAINED ENTERED ON 12/23/2010

   Attorney:  LISA MARCHESE
01/10/2011 OTHER FILING -  OTHER DOCUMENT FILED ON 01/04/2011

   MEMORANDUM OF LAW SUPPORTING ADDENDUM TO POST CONVICTION PETITION
01/13/2011 POST CONVIC. REVIEW -  REVIEW SENT FOR REVIEW ON 01/13/2011

03/11/2011 POST CONVIC. REVIEW -  ASSIGNMENT ASSIGNED TO DOCKET ON 03/11/2011

03/21/2011 MOTION -  MOTION FOR APPOINTMENT OF CNSL GRANTED ON 03/15/2011
   JOHN  NIVISON , JUSTICE
   COPY TO PARTIES/COUNSEL
03/21/2011 Party(s):  JOHN OKIE
   ATTORNEY -  APPOINTED ORDERED ON 03/15/2011

   Attorney:  ROBERT RUFFNER
03/23/2011 POST CONVIC. REVIEW -  ASSIGNMENT ASSIGNED TO JUSTICE ON 03/14/2011
   ROBERT E MURRAY JR, JUSTICE
04/27/2011 MOTION -  MOTION FOR ENLARGEMENT OF TIME FILED BY PETITIONER ON 04/21/2011

04/27/2011 MOTION -  MOTION FOR ENLARGEMENT OF TIME GRANTED ON 04/27/2011
   ROBERT E MURRAY JR, JUSTICE
   COPY TO PARTIES/COUNSEL
05/05/2011 OTHER FILING -  OTHER DOCUMENT FILED ON 05/04/2011

   DA:  DONALD MACOMBER
   AS I MENTIONED IN MY E-MAIL TODAY, THE PROPOSED ORDER SUBMITTED BY ATTORNEY RUFFNER TO
   ENLARGE THE TIME TOFILE AN AMENDED PETITION THAT THE COURT SIGNED ON APRIL 27TH
   INCORRECTLY IDENTIFIED THE PETITIONER AS "EMMANUEL REYNOLDS INSTEAD O JOHN OKIE.

05/13/2011 MOTION -  MOTION FOR EXTENSION OF TIME FILED BY PETITIONER ON 05/13/2011

           MOTION TO EXTEND DEADLINE TO FILE AMENDED PETITION WITH THE CORRECT PETITIONER'S NAME
05/17/2011 MOTION -  MOTION FOR EXTENSION OF TIME GRANTED ON 05/16/2011
           M MICHAELA MURPHY , JUSTICE
           COPY TO PARTIES/COUNSEL                                           EXTENSION
           GRANTED TO 7/29/11
09/29/2011 POST CONVIC. REVIEW -  ASSIGNMENT ASSIGNED TO JUSTICE ON 09/29/2011
           M MICHAELA MURPHY , JUSTICE
           AMENDED
11/04/2011 POST CONVIC. REVIEW -  PCR CONFERENCE SCHEDULED FOR 11/22/2011 at 03:00 p.m.
           M MICHAELA MURPHY , JUSTICE
11/04/2011 POST CONVIC. REVIEW -  PCR CONFERENCE NOTICE SENT ON 11/04/2011

11/09/2011 MOTION -  MOTION FOR WITHDRAWAL OF CNSL FILED BY COUNSEL ON 11/08/2011

11/14/2011 MOTION -  MOTION FOR WITHDRAWAL OF CNSL GRANTED ON 11/14/2011
           M MICHAELA MURPHY , JUSTICE
           COPY TO PARTIES/COUNSEL
11/14/2011 Party(s):  JOHN OKIE
           ATTORNEY -  WITHDRAWN ORDERED ON 11/14/2011

           Attorney:  ROBERT RUFFNER
11/14/2011 POST CONVIC. REVIEW -  PCR CONFERENCE NOT HELD ON 11/14/2011

11/14/2011 Party(s):  JOHN OKIE
           ATTORNEY -  APPOINTED ORDERED ON 11/14/2011

           Attorney:  VERNE PARADIE
12/05/2011 MOTION -  MOTION FOR WITHDRAWAL OF CNSL FILED BY COUNSEL ON 12/05/2011

12/08/2011 MOTION -  MOTION FOR WITHDRAWAL OF CNSL GRANTED ON 12/06/2011
           M MICHAELA MURPHY , JUSTICE
           COPY TO PARTIES/COUNSEL
12/08/2011 Party(s):  JOHN OKIE
           ATTORNEY -  WITHDRAWN ORDERED ON 12/06/2011

           Attorney:  VERNE PARADIE
12/08/2011 Party(s):  JOHN OKIE
           ATTORNEY -  APPOINTED ORDERED ON 12/06/2011

           Attorney:  GEORGE HESS
12/29/2011 POST CONVIC. REVIEW -  PCR CONFERENCE SCHEDULED FOR 04/23/2012 at 12:30 p.m.

           AT PENOBSCOT S.C.  ATTYS TO CALL SUE BLACKMORE.
12/29/2011 POST CONVIC. REVIEW -  PCR CONFERENCE NOTICE SENT ON 12/29/2011

03/23/2012 MOTION -  MOTION FOR ENLARGEMENT OF TIME FILED BY DEFENDANT ON 03/23/2012

           DA:  GEORGE HESS
03/23/2012 MOTION -  MOTION TO CONTINUE FILED BY DEFENDANT ON 03/23/2012

           DA:  GEORGE HESS

04/02/2012 MOTION -  MOTION TO CONTINUE GRANTED ON 03/30/2012
          M MICHAELA MURPHY , JUSTICE
          COPY TO PARTIES/COUNSEL
04/02/2012 MOTION -  MOTION FOR ENLARGEMENT OF TIME GRANTED ON 03/30/2012
          M MICHAELA MURPHY , JUSTICE
          COPY TO PARTIES/COUNSEL
04/02/2012 POST CONVIC. REVIEW -  PCR CONFERENCE CONTINUED ON 03/30/2012
          M MICHAELA MURPHY , JUSTICE
06/21/2012 POST CONVIC. REVIEW -  PCR CONFERENCE SCHEDULED FOR 07/16/2012 at 08:30 a.m.

06/21/2012 POST CONVIC. REVIEW -  PCR CONFERENCE NOTICE SENT ON 06/21/2012

07/03/2012 MOTION -  MOTION FOR ENLARGEMENT OF TIME FILED BY PETITIONER ON 06/28/2012

          Attorney:  GEORGE HESS
07/03/2012 MOTION -  MOTION FOR ENLARGEMENT OF TIME GRANTED ON 07/02/2012
          M MICHAELA MURPHY , JUSTICE
          COPY TO PARTIES/COUNSEL                                    THE PETITIONER
          SHALL HAVE UNTIL 7/21/12 TO FILE AN AMENDED PETITION AND A WITNESS LIST.  COPY MAILED TO
          ATTY HESS AND DONALD MACOMBER AAG ON 7/3/12.
07/10/2012 POST CONVIC. REVIEW -  PCR CONFERENCE CONTINUED ON 07/10/2012

07/18/2012 MOTION -  MOTION FOR ENLARGEMENT OF TIME FILED BY DEFENDANT ON 07/18/2012

          Attorney:  GEORGE HESS
07/19/2012 LETTER -  FROM PARTY FILED ON 07/18/2012

          LETTER FROM DEFENDANT WITH ATTACHED GROUNDS FOR PCR REVIEW           COPY SENT TO
          ATTORNEY
07/20/2012 MOTION -  MOTION FOR ENLARGEMENT OF TIME GRANTED ON 07/19/2012
          M MICHAELA MURPHY , JUSTICE
          COPY TO PARTIES/COUNSEL                                    THE DEF SHALL
          HAVE UNTIL 11/9/12 TO FILE AN AMENDED PETITION AND A WITNESS LIST.
11/14/2012 SUPPLEMENTAL FILING -  AMENDED PETITION FILED ON 11/14/2012

11/14/2012 OTHER FILING -  WITNESS & EXHIBIT LIST FILED BY DEFENDANT ON 11/14/2012

11/19/2012 MOTION -  MOTION FOR ENLARGEMENT OF TIME FILED BY PETITIONER ON 11/09/2012

11/20/2012 POST CONVIC. REVIEW -  RESPONSE TO PETITION FILED ON 11/20/2012

          DA:  DONALD MACOMBER
11/21/2012 MOTION -  MOTION FOR ENLARGEMENT OF TIME GRANTED ON 11/21/2012
          M MICHAELA MURPHY , JUSTICE
          COPY TO PARTIES/COUNSEL                                    UNTIL 12/7/12.
11/28/2012 MOTION -  MOTION TO DISMISS FILED BY STATE ON 11/20/2012

01/14/2013 POST CONVIC. REVIEW -  PCR CONFERENCE SCHEDULED FOR 01/24/2013 at 12:30 p.m.
          M MICHAELA MURPHY , JUSTICE
01/14/2013 POST CONVIC. REVIEW -  PCR CONFERENCE NOTICE SENT ON 01/14/2013

02/01/2013 POST CONVIC. REVIEW -  PCR CONFERENCE CONTINUED ON 01/23/2013

ATTORNEY HESS NEVER CALLED IN.
02/01/2013 POST CONVIC. REVIEW - PCR CONFERENCE SCHEDULED FOR 02/25/2013 at 11:30 a.m.
          M MICHAELA MURPHY , JUSTICE
02/01/2013 POST CONVIC. REVIEW - PCR CONFERENCE NOTICE SENT ON 02/01/2013

02/27/2013 POST CONVIC. REVIEW - PCR CONFERENCE HELD ON 02/25/2013
          M MICHAELA MURPHY , JUSTICE
          Attorney: GEORGE HESS
          DA: DONALD MACOMBER
          Defendant Not Present in Court
02/27/2013 POST CONVIC. REVIEW - ORDER RESULTING FROM PCR CONF FILED ON 02/25/2013
          M MICHAELA MURPHY , JUSTICE
          MOTION TO DISMISS: GRANTED IN PART, PETITION IS NOT DISMISSED BUT PETITIONER TO PROVIDE
          SUMMARY OF TESTIMONY FOR EACH WITNESS CALLED 30 DAYS PRIOR TO TRIAL.  HEARING TO BE SET 1
          TO 2 DAYS IN JULY 2013 CRIMINAL TERM
03/12/2013 SUPPLEMENTAL FILING - AMENDED PETITION FILED ON 03/12/2013

          Attorney: GEORGE HESS
          AMENDMENT TO PETITION FOR POST CONVICTION REVIEW
03/12/2013 OTHER FILING - WITNESS LIST FILED BY DEFENDANT ON 03/12/2013

          Attorney: GEORGE HESS
          AMENDED LIST OF WITNESSES AND EXHIBITS
03/21/2013 OTHER FILING - OTHER DOCUMENT FILED ON 03/21/2013

          DA: DONALD MACOMBER
          STATE'S ANSWER/MOTION TO DISMISS
03/21/2013 MOTION - MOTION TO DISMISS FILED BY STATE ON 03/21/2013

          DA: DONALD MACOMBER
          STATE'S MOTION TO DISMISS/ANSWER TO SECOND AMENDED PETITION
05/08/2013 HEARING - EVIDENTIARY HEARING SCHEDULED FOR 07/23/2013 at 08:30 a.m.
          M MICHAELA MURPHY , JUSTICE
          NOTICE TO PARTIES/COUNSEL
05/08/2013 HEARING - EVIDENTIARY HEARING NOTICE SENT ON 05/08/2013

05/08/2013 HEARING - EVIDENTIARY HEARING SCHEDULED FOR 07/24/2013 at 08:30 a.m.
          M MICHAELA MURPHY , JUSTICE
          NOTICE TO PARTIES/COUNSEL
05/08/2013 HEARING - EVIDENTIARY HEARING NOTICE SENT ON 05/08/2013

05/08/2013 WRIT - HABEAS CORPUS TO PROSECUTE ISSUED ON 05/08/2013

          CERTIFIED COPY TO SHERIFF DEPT.
05/13/2013 MOTION - MOTION FOR ENLARGEMENT OF TIME FILED BY PETITIONER ON 05/09/2013

05/16/2013 MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 05/14/2013
          M MICHAELA MURPHY , JUSTICE
          COPY TO PARTIES/COUNSEL
07/05/2013 MOTION - MOTION FOR FINDINGS OF FACT FILED BY DEFENDANT ON 07/03/2013

07/05/2013 MOTION - MOTION FOR FINDINGS OF FACT GRANTED ON 07/05/2013
          M MICHAELA MURPHY , JUSTICE

COPY TO PARTIES/COUNSEL
07/24/2013 HEARING - EVIDENTIARY HEARING HELD ON 07/23/2013
M MICHAELA MURPHY , JUSTICE
Attorney: GEORGE HESS
DA: ANDREW BENSON          Reporter: JANETTE COOK
Defendant Present in Court


CO-COUNSEL DONALD MACOMBER, AAG
07/24/2013 HEARING - EVIDENTIARY HEARING CONTINUED ON 07/24/2013

CONTINUED; PETITIONER HAS UNTIL 8/16 TO SUPPLEMENT THE RECORD WITH FURTHER DOCUMENTS.  THE
STATE HAS UNTIL 8/30 TO FILE AFFIDAVIT WITH FURTHER TESTIMONY FROM ATTY. DETROY OR ELSE BY
THAT DATE NOTIFY THE COURT THAT FURTHER HEARING TIME IS REQUESTED.  GEORGE HESS HAS UNTIL
9/27 TO FILE HIS BRIEF, STATE HAS UNTIL OCTOBER 11 TO FILE THEIRS, AND GEORGE MAY FILE
REBUTTAL BY OCTOBER 18.
07/24/2013 ORDER - TRANSCRIPT ORDER FILED ON 07/24/2013
M MICHAELA MURPHY , JUSTICE
JUSTICE MURPHY REQUESTS TRANSCRIPT OF PCR HEARING ON 7/23/13, COPY SCANNED TO JANETTE COOK
08/09/2013 OTHER FILING - TRANSCRIPT FILED ON 08/06/2013


Reporter: JANETTE COOK
PCR HEARING TRANSCRIPT
08/28/2013 OTHER FILING - OTHER DOCUMENT FILED ON 08/21/2013


DA: DONALD MACOMBER
AFFIDAVIT OF PETER J. DETROY
08/28/2013 OTHER FILING - OTHER DOCUMENT FILED ON 08/16/2013


DA: GEORGE HESS
ON BEHALF OF THE PETITIONER, JOHN OKIE, I ENCLOSE ADDITIONAL DOCUMENTS TO BE PRESENTED TO
JUSTICE MURPHY FOR INCLUSION IN THE POST CONVICTION PROCEEDING RECORD SUBJECT TO
STIPULATION BY THE STATE'S ATTORNEY, DONALD MACOMBER, AAG OR BY ORDER OF COURT.  IF MR.
MACOMBER DOES NOT STIPULATE TO THE ADMISSIBILITY OF THESE RECORDS, WE WILLNEED TO SCHEDULE
A CONTESTED HEARING AT WHICH BOTH SIDES WOULD PRESUMABLY CALL ADDITIONAL WITNESSES.  IN
ADDITION, MR. OKIE WOULD NEED TO BE TRANSPORTED TO THE HEARING
09/12/2013 MOTION - MOTION FOR ENLARGEMENT OF TIME FILED BY PETITIONER ON 09/10/2013

09/12/2013 MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 09/12/2013
M MICHAELA MURPHY , JUSTICE
COPY TO PARTIES/COUNSEL
10/16/2013 OTHER FILING - MEMORANDUM OF LAW FILED ON 10/16/2013

Attorney: GEORGE HESS
MEMORANDUM ION SUPPORT OF PETITION FOR POST CONVICTION REVIEW
10/31/2013 OTHER FILING - MEMORANDUM OF LAW FILED ON 10/31/2013

11/21/2013 FINDING - DENIED ENTERED BY COURT ON 11/21/2013
M MICHAELA MURPHY , JUSTICE
THE PETITION FOR POST CONVICTION RELIEF IS DENIED
11/21/2013 ORDER - COURT ORDER ENTERED ON 11/21/2013
M MICHAELA MURPHY , JUSTICE
ORDER ON PETITION FOR POST CONVICTION REVIEW: THE PETITION FOR POST CONVICTION RELIEF IS
DENIED

A TRUE COPY
ATTEST: _____
Clerk